IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES BUMSTED,

    Plaintiff,                                    No. 2:12-cv-1587 MCE CKD PS

    vs.

UNITED STATES OF AMERICA,

    Defendant.                                    <u>ORDER</u>

_____/

        Plaintiff, proceeding pro se, initially commenced this tort action in the Small Claims Division of Shasta County Superior Court for damage to his boat as a result of a collision with the boat of United States Coast Guard Auxiliary member Daniel W. Weggeland on Whiskeytown Lake in Shasta County.  Thereafter, on June 13, 2012, the action was removed to this court and the United States was substituted as a defendant in place of Mr. Weggeland. Removal was based on the contention that plaintiff's exclusive remedy for the tort damages alleged is an action against the United States under the Federal Tort Claims Act, because Mr. Weggeland was purportedly acting within the scope of his employment as a federal employee at the time of the collision.  <u>See</u> 14 U.S.C. §§ 821(b)(1), 823a(b)(1); 28 U.S.C. §§ 1346(b), 2679(b).  The action was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

1

1    Presently pending before the court is plaintiff's motion to change venue to the
2  Redding division of this court.  (Dkt. No. 8.)  The court thus construes plaintiff's motion as a
3  request to change intra-district venue pursuant to E.D. Cal. L.R. 120, which states that
4  "[w]henever in any action the court finds upon its own motion, motion of any party, or
5  stipulation that the action has not been commenced in the proper court in accordance with this
6  Rule, or for other good cause, the Court may transfer the action to another venue within the
7  District."  In his motion, plaintiff states that he resides and works in Shasta County, as does Mr.
8  Weggeland.  Additionally, plaintiff's claims arise from an incident that took place in Shasta
9  County.  According to plaintiff, he has met and conferred with defendant United States and
10 understands that the United States has no objection to the instant motion.

11   Based on the above, it appears that the proper intra-district venue for this action is
12 the Redding division of this court.  E.D. Cal. L.R. 120; Appendix A(l).  The undersigned will
13 therefore order that the action be reassigned to Magistrate Judge Craig Kellison in the Redding
14 division for purposes of all appropriate pre-trial proceedings and other magistrate judge duties in
15 this pro se case.  However, because the parties have not consented to proceed before a magistrate
16 judge for all purposes, including trial and entry of final judgment, pursuant to 28 U.S.C. §
17 636(c)(1) and there is no district judge in the Redding division, the case shall otherwise remain
18 assigned to Judge Morrison C. England.

19   For the foregoing reasons, IT IS HEREBY ORDERED that:
20   1. The Clerk of Court is directed to REASSIGN the action to Magistrate Judge
21 Craig Kellison in the Redding division for purposes of all appropriate pre-trial proceedings and
22 other magistrate judge duties, and shall appropriately re-designate the case.
23 ////
24 ////
25 ////
26 ////

1       2. The action shall remain assigned to Judge Morrison C. England as district judge
2 for all other purposes.

3 Dated: July 20, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

9 CKD/5
Bumsted.1587.reassign.wpd

3